LABORDE, Judge.
This controversy relates to a community property partition. Most issues having been resolved, the issue which remains relates to whether defendant is entitled to a credit for the community’s or plaintiffs use of a trailer house he purchased just prior to establishment of the community. We affirm.
Facts
The parties to this proceeding were married July 1, 1972. Plaintiff filed suit for separation from bed and board and a rule nisi for exclusive use of the family residence March 16, 1989. On March 30, 1989, defendant filed a general denial, reconventional demand, in addition to a rule identical to plaintiffs seeking exclusive use of the family residence pending partition of the community. Hearing on the rules was conducted April 24, 1989. Subsequently, a consent judgment was filed by the parties and signed by the judge May 5, 1989, awarding use and occupancy of the family residence to plaintiff, pending partition of the community. Judgment of separation reflecting the terms of the consent judgment was rendered June 29, 1989, and divorce was rendered April 19, 1990, incorporating the terms of both prior judgments.
The current dispute arises from the petition to partition community property subsequently filed by plaintiff November 2, 1990. The petition specifically prayed for reimbursement of one-half of the community funds used to pay the $9,510.62 principal _[2_amount of the loan on a trailer house purchased by defendant May 22, 1972, some six weeks prior to the marriage.
In his pro se answer, defendant noted that the trailer house was paid off as of March 25, 1981, that the parties resided together in the trailer house until March 11, 1989, after which he (defendant) moved out and rented another trailer for his residence. After March 25, plaintiff continued to occupy the nuptial home until after the divorce some thirteen months later. Defendant also generally denied the fairness of the terms of the partition contemplated by plaintiffs descriptive list, maintaining that it would be unfair *1185 to assess him $4,553.34 for a trailer now worth only $825, whose useful life was depleted principally by the community, secondarily by his wife’s sole occupancy for thirteen months, and only thirdly by his exclusive use for six weeks predating marriage.
The parties submitted the matter on the record. They stipulated that the trailer house was defendant’s separate property; that certain lots comprised community property; and that $825 worth of improvements to the lots constituted community property. The other stipulations are of no moment.
The trial judge’s judgment, which expressly adopted his written reasons, found merit in the claims made by each party to reimbursement. Plaintiff was found to be entitled to one-half the community property expended to satisfy the defendant’s prenuptial, separate trailer obligation, or $4,553.34. Defendant, on the other hand, was found to be entitled under LSA-CC art. 2367 to one-half the value of the separately owned trailer used for the benefit of the community. Although evidence was not taken with respect to the value of the defendant’s trailer during the time it was used, the trial judge concluded that half of its value was equal to at least the $4,553.34; therefore, an offset was pronounced.
On appeal, plaintiff maintains that the trial court’s division of assets was erroneous.
We affirm. Plaintiff correctly observes that she is entitled to reimbursement for her share of the mortgage payments on ^defendant’s separate property obligations. However, she incorrectly considers only a portion of the ledger, for defendant too is entitled to a credit for the community’s use of his separate property in the amount of one-half of the amount of the separate property expended, regardless of whether the amount is expended for payment of a community obligation or for the benefit of the community property. LSA-CC art. 2365.
Under the circumstances, compensation took place between the parties.
Art. 1893. Compensation extinguishes obligations
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation.
Acts 1984, No. 331, § 1.
The trial court properly concluded that each party’s claim against the other were equal, amounting to an off-set.
Art. 1902. Compensation by judicial declaration
Although the obligation claimed in compensation is unliquidated, the court can declare compensation as to that part of the obligation that is susceptible of prompt and easy liquidation.
Acts 1984, No. 331, § 1.
See also, Spaht & Hargrave, Matrimonial Regimes, 16 LOUISIANA CIVIL LAW TREATISE Section 7.14 (West Supp.1993) (generally and text accompanying note 21).
Additionally, plaintiff urges that we reallocate the property partitioned by the lower court. In brief, her counsel attempts to | introduce impermissible evidence toward this end. Even assuming the truth of the assertions made in brief, plaintiffs remedy would be for an increase in alimony and/or child support, questions not properly before this court.
Based on the evidence properly presented before it, we cannot say the trial court abused its discretion by awarding defendant his concededly separately owned trailer, now worth only $825, and plaintiff the option of purchasing the community owned lots and improvements in exchange for half their judicially fixed value (which, we observe, has been fixed at $2,000 less than their appraised value). Accordingly, there is no basis for our reallocation of community property.
In light of the foregoing, we affirm the judgment of the trial court. We find no error in the judicial partition of the community. Each party to bear his or her own costs.
AFFIRMED.
*1186 KNOLL, J., concurs in part and dissents in part, and assigns reasons.
WOODARD, J., concurs in part and dissents in part for the reasons assigned by KNOLL, J.